# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                    CRIMINAL ACTION NO. 5:18-cr-00155

CHERYL J. MCGRATH,

          Defendant.

## **MEMORANDUM OPINION AND ORDER**

Pending is Defendant Cheryl J. McGrath's pro se Motion for Reconsideration 18 U.S.C. § 3747 (e) Post-Sentencing Rehabilitation Programming ("motion to reduce sentence") [Doc. 61], filed January 30, 2020. Defendant McGrath requests a reduction of her sentence based upon her post-sentence conduct and rehabilitation, citing *Pepper v. United States*, 562 U.S. 476 (2011).

In *Pepper*, the United States Supreme Court held that "when a defendant's sentence has been set aside on appeal and his case remanded for sentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range." *Id.* at 490. *Pepper* does not, however, "authorize [a] district court to modify an *existing* sentence on the basis of post-sentencing rehabilitation efforts." *Taylor v. United States*, 2014 WL 1708595, at *3 (D. Md. April 28, 2014). Further, a district court may not modify a sentence after it has been imposed except for in the limited circumstances as set forth in 18 U.S.C. § 3582 (c). "Post-sentencing rehabilitation is not a ground for reducing a sentence under § 3582 (c)." *Taylor,* 2014 WL 1708595,

at *3; see also *United States v. Lee*, 2009 WL 1636509 (N.D.W. Va. June 9, 2009) (finding "exceptional program achievement, job performance, or other exemplary institutional conduct is simply not grounds for granting a reduction in sentence under § 3582"); *United States v. Smith*, 2015 WL 13717588 (S.D.W. Va. Feb. 9, 2015) (finding post-sentencing conduct and rehabilitation is not grounds for reducing or modifying a defendant's sentence).

Here, Defendant McGrath was sentenced on March 6, 2019, to twelve months imprisonment after pleading guilty to escape from custody in violation of 18 U.S.C. § 751 (a). Unlike in *Pepper*, Defendant McGrath did not appeal her sentence, and it thus remains a valid judgment. As stated above, *Pepper* does not permit this Court to modify Defendant McGrath's existing sentence on the basis of her post-sentencing efforts, and the same is not grounds for reducing her sentence pursuant to 18 U.S.C. § 3582 (c). Thus, although the Court commends Defendant McGrath's efforts at rehabilitation, her motion to reduce sentence must be denied.

Accordingly, the Court **DENIES** Defendant Cheryl McGrath's motion to reduce sentence [**Doc. 61**].

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTERED: February 5, 2020

Frank W. Volk
United States District Judge